UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Nicholas Omar Tucker, # 12345-171, | ) | C/A No.:8:08-cv-70023 |
| | ) | C/A No.: 8:05-cr-32-1-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on the petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on December 18, 2007. For the reasons stated herein, this Court denies the petition in part and orders the United States Attorney to file a response to a single issue presented.

**<u>Background</u>**

Mr. Tucker (Petitioner) pled guilty to 18 U.S.C. § 922(g)(1)–felon in possession of a firearm–on April 1, 2005. Subsequently, this Court sentenced the petitioner as an armed career criminal, pursuant to 18 U.S.C. § 924(e)(1), because the petitioner has previously been convicted of three violent felonies. The petitioner appealed this Court's sentence, arguing on appeal that the Court erred by sentencing him as an armed career criminal.

On appeal the petitioner argued that two of prior felonies this Court relied on as predicate offenses for armed career criminal status should have been considered one offense. In affirming this Court, the Fourth Circuit stated: "[E]ven assuming that

Tucker's two prior burglary convictions are related and constitute one predicate offense, Tucker still has three predicate offenses that qualify him as an armed career criminal—convictions for assault and battery of a high and aggravated nature, failure to stop for a blue light, and the second-degree burglary conviction." *United States v. Tucker*, 200 Fed.Appx. 195, 196, 2006 WL 2636624, *1 (4th Cir. Sept. 20, 2006)(unpublished).

Petitioner appealed the Fourth Circuit's decision to the United States Supreme Court; the Supreme Court denied the petitioner's petition for writ of certiorari on February 26, 2007. *Tucker v. United States*, 127 S.Ct. 1391 (U.S. 2007). Petitioner filed the instant § 2255 petition on December 18, 2007.

## Discussion

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

A § 2255 action is the appropriate mechanism for "a prisoner in custody[,] under sentence of a court established by [an] Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution[,] . . . to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255.

In deciding a § 2255 motion, the court may summarily dismiss the motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

The petitioner alleges that his Sixth Amendment rights were violated because he was denied the effective assistance of counsel. "[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668,685 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). The purpose of this requirement is to ensure each criminal defendant receives a fair trial. *Strickland*, 466 U.S. at 686. A petitioner must show two things to evince ineffective assistance of counsel: (1) attorney error—that the attorney's representation fell below an objective standard of reasonableness; and (2) prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### *Armed Career Criminal Status*

Petitioner argues that he was prejudiced by his attorney's erroneous decision not to argue that two of the offenses this Court relied on to sentence the petitioner as an armed career criminal—second degree burglary and assault and battery of a high and aggravated nature—are not violent felonies as defined by 18 U.S.C. § 924(e)(1).

First, petitioner argues that a reasonable attorney would have argued that second degree burglary is not a violent felony. To support his argument, Petitioner

attached state court documents related to his conviction that describe second degree burglary as "non-violent." (Pet. at Ex. A)  However, in *United States v. Parker*, the Fourth Circuit held that second degree burglary in South Carolina was indeed a violent felony.  195 Fed.Appx. 118, 119, 2006 WL 2457450, *1 (4th Cir. Aug. 21 2006) (unpublished).  Therefore, this Court finds that, because the petitioner's contention directly contradicts a recent Fourth Circuit case, Petitioner was not prejudiced by his attorney's choice not to make this argument.

Second, petitioner argues that a reasonable attorney would have objected that his conviction for assault and battery of a high and aggravated nature cannot qualify as a predicate offense for § 924(e) because, as a result of a plea deal, the petitioner actually pled guilty to common law assault and battery, a misdemeanor with a maximum sentence of thirty days.  In support of this contention Petitioner attached a series of state court documents that ostensibly support his contention.  (Pet. at Ex. C)

Though this exhibit makes it clear that the petitioner's co-defendant, Christopher Jennings, pled guilty to common law assault and battery, nothing in the exhibit conclusively reveals that the petitioner received a similar plea deal.  One document in the exhibit appears to remand the petitioner's case back to magistrate's court. (Pet. at Ex. C, p.8)  A letter sent to the petitioner by the Chief of the Laurens Police Department confirms this remand. *Id.* at p. 3.  This is significant because, in South Carolina, "Magistrates shall have exclusive jurisdiction of all criminal cases in which

the punishment does not exceed a fine of one hundred dollars or imprisonment for thirty days." S.C. Code Ann. § 22-3-540.  Therefore, if the petitioner's case was remanded to a magistrate, the offense he was sentenced for was punishable only punishable by up to 30 days in prison and cannot be used as a predicate offense for § 924(e).

However, this document is ambiguous at best.  (Pet. at Ex. C, p.8)  It could support the petitioner's contention or it could merely be more proof that the petitioner's co-defendant pled to a lesser offense.  Due to this ambiguity, this Court directs the United States Attorney to file a response to the petition.  This response is due within 30 days of the entry of this order or, if transcripts are required for the response, within 30 days of the receipt of those transcripts.  The United States attorney is directed to only address this issue—whether or not the petitioner pled guilty to common law assault and battery or to assault and battery of a high and aggravated nature.

### *Jones Procedure*

Petitioner also argues that his attorney committed prejudicial error by failing to object to this Court's sentencing procedure.  Specifically, the petitioner argues that this Court must apply the sentencing procedure announced in *United States v. Jones*, 899 F.2d 1097, 1102-03 (11th Cir. 1990).  *Jones'* requires a sentencing court to "elicit fully articulated objections, following imposition of sentence, to the court's ultimate findings of fact and conclusions of law." *Id.* at 1102.  Failure to elicit

objections after a final sentence results in a remand. *Id.* at 1103. However, this is not the case in the Fourth Circuit.

The Fourth Circuit has not adopted the procedure announced in *Jones*. Further, neither of the Supreme Court cases the petitioner cites *to—McNabb v. United States*, 318 U.S. 332 (1943) or *Cupp v. Naughten*, 414 U.S. 141 (1973)—compel this Court to follow the *Jones* procedure. Failure to elicit objections after a final sentence does not result in a remand in the Fourth Circuit. The Court does note that, at sentencing, the Court gave the petitioner the opportunity to object to the presentence report. Therefore, the petitioner suffered no prejudice from his attorney's decision not to object to the Court's choice not to follow the procedure announced in *Jones.*

## **Conclusion**

After reviewing the immediate petition and relevant case law, the Court summarily dismisses the petitioner's claims related to his prior offense for second degree burglary and the *Jones* procedure. However, this Court directs the U.S. Attorney to file a response to the petitioner's claim related to his conviction for assault and battery as specified above.

IT IS THEREFORE SO ORDERED THAT, within 30 days from the entry of this Order or, if transcripts are needed, within 30 days from the receipt of the transcripts, the United States Attorney is directed to file a response to the petition to address the issue of whether or not the petitioner pled guilty to common law assault and battery or to assault and battery of a high and aggravated nature.

IT IS FURTHER ORDERED THAT the petitioner's claims related to his prior offense for second degree burglary and the *Jones* procedure be summarily dismissed.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April 8, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**