UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Nicholas Omar Tucker, # 12345-171, | ) | C/A No.:8:08-cv-70023 |
| | ) | C/A No.: 8:05-cr-32-1-GRA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On February 8, 2008, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Though this Court dismissed the majority of the petition by order on April 8, 2008, it did order the government to file a response on a single issue. The government filed its response on July 31, 2008. This matter is now ready for disposition.

## Background

On April 1, 2005, the petitioner pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On September 9, 2005, pursuant to 18 U.S.C. § 924(e), this Court sentenced the petitioner to 180 months. The petitioner subsequently appealed this sentence.

On appeal, the petitioner argued that this Court erroneously relied on two prior second-degree burglary convictions as predicate offenses for purposes of § 924(e) because the two burglaries were not "committed on occasions different from one another[.]" § 924(e). The Fourth Circuit did not reach this question. Rather, it stated:

"[E]ven assuming that [the petitioner's] two prior burglary convictions are related and constitute one predicate offense, [the petitioner] still has three predicate offenses that qualify him as an armed career criminal—convictions for assault and battery of a high and aggravated nature, failure to stop for a blue light, and the second-degree burglary conviction." *United States v. Tucker*, 200 Fed. Appx. 195, 196, 2006 WL 2636624, *1 (4th Cir. September 20, 2006) (unpublished). The Supreme Court denied certiorari on February 26, 2007. *United States v. Tucker*, 127 S.Ct. 1391 (U.S. 2007).

The petitioner filed the immediate § 2255 petition on February 8, 2008. In his petition he argued, *inter alia*, that his attorney erred by failing to object that his conviction for assault and battery of a high and aggravated nature did not qualify as a predicate offense under § 924(e) because, as the result of a plea deal, he actually plead guilty to common law assault and battery, a misdemeanor with a maximum sentence of thirty days. Petitioner attached several documents purporting to support the petitioner's contention. However, the documents that the petitioner attached were ambiguous at best. Therefore, this Court ordered the government to respond to this issue alone. The remainder of the petition was dismissed.

The government responded on July 30, 2008. In its response the government concedes that the petitioner's prior conviction for assault and battery does not qualify as a predicate offense under § 924(e). However, the government argues that, even without this conviction, the petitioner has three separate violent felonies—two second degree burglary convictions and one conviction for failure to stop for a blue light.

### **Discussion**

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

*Motion to Compel*

As a preliminary matter, the petitioner filed a motion to compel a response by the government on July 24, 2008. Because the government has now filed a response, this Court denies this motion as moot.

*Ineffective Assistance of Counsel*

At heart, the petitioner's claim is one for ineffective assistance of counsel. He argues that his attorney unreasonably erred by failing to object to the court's use of his prior misdemeanor conviction for assault and battery as a predicate offense for purposes of § 924(e), and this error prejudiced him because it allowed the court to deem him an armed career criminal and impose an enhanced sentence.

"[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). The purpose of this requirement is to ensure each criminal defendant receives a fair trial. *Strickland*, 466 U.S. at 686. A petitioner must

show two things to evince ineffective assistance of counsel: (1) attorney error—that the attorney's representation fell below an objective standard of reasonableness; and (2) prejudice—"that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

This Court finds that the petitioner's claim must fail for lack of prejudice. Assuming, *arguendo*, that the petitioner's attorney erred by failing to object to the use of his misdemeanor conviction for assault and battery as a predicate offense for the § 924(e) enhancement, this error did not prejudice the petitioner because, even without the assault and battery conviction, the petitioner is an armed career criminal because he has been convicted of three separate violent felonies.

In order to qualify for an enhanced sentence as an armed career criminal, a defendant must have three prior convictions for a violent felony or serious drug offense, or both, "committed on occasions different from one another[.]" § 924(e). Amongst other various crimes, the petitioner has previously been convicted of two counts of second degree burglary and one count of failure to stop for a blue light. There is no question as to whether either of these qualify as violent felonies. *United States v. Parker*, 195 Fed.Appx. 118, 119, 2006 WL 2457450, *1 (4th Cir. Aug 21, 2006) (unpublished) (finding second degree burglary in South Carolina to be a violent felony); *United States v. James*, 337 F.3d 387, 390-91 (4th Cir. 2003)(finding failure to stop for a blue light in South Carolina to be a violent felony). No one contests that

the petitioner's conviction for failure to stop for a blue light occurred on a different occasion from his burglary convictions; however, there is a question as to whether the two burglary convictions occurred on separate occasions. Therefore, this Court must decide whether or not the petitioner's two convictions for second degree burglary were "committed on occasions different from one another[.]"

"Convictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." *United States v. Letterlough*, 63 F.3d 332, 335 (4th Cir. 1995) (internal quotations omitted). Further, occasions are "those predicate offenses that can be isolated with a beginning and an end–ones that constitute an occurrence unto themselves." *Id.* "[I]t does not matter for sentencing purposes if the several crimes are part of a larger criminal venture, as long as each constitutes, by itself, a complete and final transaction." *United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998) (internal quotations omitted).

Further, the Fourth Circuit has identified five factors to aid a court in determining whether two crimes occurred on separate occasions. They are:

> (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense.

*United States v. Leeson*, 453 F.3d 631, 640 (4th Cir. 2006) (citing *Letterlough*, 63 F.3d 332). "If any one of the factors has a strong presence, it can dispositively segregate an extended criminal enterprise into a series of separate and distinct episodes." *Letterlough*, 63 F.3d at 335.

The petitioner's two convictions for second degree burglary were committed on separate and distinct occasions. The petitioner and his accomplice broke into four separate units at one mini-warehouse storage complex. (PSR at ¶ ¶ 42 & 43.) In between breaking into each separate unit, the petitioner had an opportunity to make a decision to or not to break into the next unit. And each individual burglary had a definite beginning and end. Further, each burglary had separate victims. Regardless of the proximity of all of the units, each burglary constituted a separate and distinct crime. *See United States v. James*, 337 F.3d 387, 391 (4th Cir. 2003) (finding separate and distinct criminal episodes even though crime scenes were across the street from one another). Therefore, each of the petitioner's convictions for second degree burglary qualifies as a predicate offense under § 924(e).

Because this Court finds that the petitioner's two prior burglary convictions are separate and distinct, it is clear that, even without the petitioner's conviction for a misdemeanor assault and battery, the petitioner's criminal history contains three qualifying predicate offenses for purposes of § 924(e). Therefore, even if the petitioner's attorney erred by failing to object to the Court's use of his assault and

battery conviction as a predicate offense for § 924(e), this did not prejudice the petitioner.

## Conclusion

After a thorough review of the record, the petitioner's motion, and the government's response, this Court denies the petitioner's lone remaining claim for ineffective assistance of counsel. Therefore, this Court dismisses the petitioner's § 2255 petition.

THEREFORE IT IS SO ORDERED THAT the petitioner's final claim for ineffective assistance of counsel be DENIED and the immediate petition be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

August 4, 2008
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**